UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SERGEY SPITSYN,

               Plaintiff,

   v.

RICHARD MORGAN, *et al*,

               Defendants.

Case No. C04-5134FDB

ORDER TO SHOW CAUSE

      This matter has been referred to Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1), Local Magistrates Rules MJR 3 and 4, and Rule 72 of the Federal Rules of Civil Procedure. The case is before the Court upon the Court's review of plaintiff's amended complaint (Dkt. #57). After reviewing the amended complaint and the balance of the record, the Court finds and orders as follows:

      A complaint is frivolous when it has no arguable basis in law or fact. Franklin v. Murphy, 745 F.2d 1221, 1228 (9th Cir. 1984). The court "may act on its own initiative to note the inadequacy of a complaint and dismiss it for failure to state a claim" upon which relief may be granted. Wong v. Bell, 642 F.2d 359, 361 (9th Cir. 1981) (citing 5 C. Wright & A. Miller, Federal Practice and Procedure, s 1357 at 593 (1969)); see also Sparling v. Hoffman Construction Co., Inc., 864 F.2d 635, 638 (9th Cir. 1988); Omar v. Sea-Land Service, Inc., 813 F.2d 986, 991 (9th Cir. 1987) (court may *sua sponte* invoke Fed. R. Civ. P. 12(b)(6) to dismiss deficient complaint); Crawford v. Bell, 599 F.2d 890, 893 (9th Cir. 1979).

ORDER
Page - 1

1       On March 11, 2004, plaintiff filed his original complaint, alleging that certain Washington State Department of Corrections ("DOC") officials violated his constitutional rights by confiscating letters that had been sent to him through the mail because they were written in Russian. (Dkt. #1).  On September 9, 2004, the Court granted defendants' motion for judgment on the pleadings (Dkt. #21), finding plaintiff had not alleged any cause or claim upon which relief could be granted (Dkt. #24, #34 and #35).  Plaintiff appealed to the Ninth Circuit Court of Appeals, which, on January 18, 2006, vacated the Court's decision and remanded the matter for plaintiff to "file an amended complaint that properly identifies the persons and policies he alleges interfered with his constitutional rights." (Dkt. #49); Sptitsyn v. Morgan, 160 Fed. Appx. 593, 595 (9th Cir. 2005) (emphasis added).

On February 7, 2006, the Clerk received a letter from plaintiff inquiring as to when he should file an amended complaint. (Dkt. #51).  In response to that letter, the Court issued an order directing him to file his amended complaint by no later than March 27, 2006. (Dkt. #52).  On March 28, 2006, plaintiff did file an amended complaint, but in doing so, he also sought to add three more parties as plaintiffs to this matter. (Dkt. #57 and #60).  As noted above, however, the Court of Appeals specifically limited plaintiff to filing an amended complaint seeking redress of his allegedly violated constitutional rights.

The Court thus will not accept for filing plaintiff's amended complaint (Dkt. #57).  For the same reason, his "amendment of additional plaintiffs to this cause" (Dkt. #60) hereby also is DENIED.  Plaintiff shall file a second amended complaint, curing, if possible, the above noted deficiencies by naming only himself as plaintiff and including only claims concerning him, or show cause explaining why this matter should not be dismissed by **no later than May 19, 2006**.  The second amended complaint must carry the same case number as this one.

If a second amended complaint is not timely filed or if plaintiff fails to amend his first amended complaint as noted above, the Court will recommend dismissal of this action with prejudice.  Plaintiff is advised that an amended pleading operates as a *complete* substitute for an original pleading. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992) (citing Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1546 (9th Cir. 1990) (as amended), *cert. denied*, 506 U.S. 915 (1992).  Thus, if plaintiff chooses to file an amended complaint, the Court will not consider his original complaint.

The Court further notes that plaintiff has submitted a number of pleadings on behalf of the other plaintiffs he has sought to add as parties to this matter. (See Dkt. #58-59, #61-#64, #67-#68).  Although

ORDER
Page - 2

1  the Court does not anticipate this to be a problem in the future regarding this matter (as plaintiff has been
2  directed to file a second amended complaint naming only himself as plaintiff), **plaintiff is warned that as a**
3  **party proceeding *pro se* in this matter who is not licensed to practice law, he may not represent, or**
4  **submit pleadings on behalf of, other parties to this cause of action**.

5  Finally, the Court notes that plaintiff has submitted both a praecipe to issue summons (Dkt. #55)
6  and a praecipe to issue an amended summons (Dkt. #68), each of which contain the names of all of the
7  defendants named in his first amended complaint.  Because plaintiff is not proceeding *in forma pauperis* in
8  this matter, he is responsible for serving his second amended complaint, should he chooses to file one, on
9  defendants.  Plaintiff should be aware, however, that he must serve one summons and one copy of the
10 second amended complaint on each defendant named therein.  The Court will not issue summons that are
11 not so properly completed and which do not contain the required information.

12 The Clerk is directed to send plaintiff the appropriate forms so that he may file a second amended
13 complaint.  The Clerk is further directed to send a copy of this Order to plaintiff and counsel for
14 defendants.

15 DATED this 19th day of April, 2006.

Karen L. Strombom
United States Magistrate Judge