UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SERGEI SPITSYN,

              Plaintiff,

   v.

RICHARD MORGAN, *et al*,

              Defendants.

Case No.  C04-5134FDB

ORDER

     This matter has been referred to Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1), Local Magistrates Rules MJR 3 and 4, and Rule 72 of the Federal Rules of Civil Procedure. The case is before the Court upon plaintiff's filing of a motion for an appointment of counsel. (Dkt. #80). After reviewing the motion and the balance of the record, the Court finds and ORDERS as follows:

     There is no right to have counsel appointed in cases brought under 42 U.S.C. § 1983. While the court, under 28 U.S.C. § 1915(e)(1), can request counsel to represent a party proceeding *in forma pauperis*, it may do so only in exceptional circumstances. Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Franklin v. Murphy, 745 F.2d 1221, 1236 (9th Cir. 1984); Aldabe v. Aldabe, 616 F.2d 1089 (9th Cir. 1980). A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved. Wilborn, 789 F.2d at 1331.

ORDER
Page - 1

In his motion, plaintiff argues he meets both of the above requirements for a finding that there are "exceptional circumstances" in this case. The undersigned disagrees. First, plaintiff argues defendants' withholding of his Russian language mail *per se* violated his constitutional rights, and therefore on this "issue alone" he "will 'succeed on the merits.'" Plaintiff's Motion for an Appointment of Counsel ("Plaintiff's Motion"), p. 2. It is not at all clear at this stage of the proceedings, however, that there were no legitimate reasons for the withholding of plaintiff's mail. Accordingly, plaintiff has not shown that he "will succeed on the merits" on this, or any other issue, he has raised in his amended complaint.

Second, plaintiff argues his lack of financial resources and dearth of legal knowledge and/or skills make him "unable to articulate his claims pro se in light of the complexity of the legal issues involved," and financially limits his abilities to pursue this case. Plaintiff's Motion, pp. 3-4. He further points to the undersigned's granting of defendants' motion for judgment on the pleadings as evidence of his alleged inability to litigate this action without the assistance of counsel.

Plaintiff, however, has not shown that the issues in this case are "complex." Nor has he shown that his lack of knowledge and limited financial resources places him in any different position from other *pro se* prisoner plaintiffs. The fact that his prior complaint was found to be legally deficient, furthermore, does not in itself mean he is unable to "articulate" his claims *pro se*. That is, merely because one fails to prevail on one's claims, does not alone establish an inability to articulate them. Indeed, the many filings plaintiff has submitted to this Court so far, belie his claimed lack of ability in this regard.

Accordingly, plaintiff's motion for an appointment of counsel (Dkt. #80) hereby is DENIED.

The clerk is directed to send a copy of this Order to plaintiff and counsel for defendants.

DATED this 18th day of May, 2006.

                                        Karen L. Strombom
                                        United States Magistrate Judge