UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SERGEY SPITSYN,

        Plaintiff,

v.

RICHARD MORGAN, *et al*,

        Defendants.

Case No.  C04-5134FDB-KLS

ORDER DENYING PLAINTIFF'S
MOTION TO BE ACCORDED
HIS RIGHT TO DUE PROCESS
OF LAW

       This matter has been referred to Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1),  Local Magistrates Rules MJR 3 and 4, and Rule 72 of the Federal Rules of Civil Procedure. The case is before the Court on plaintiff's motion to be accorded his right to due process of law. (Dkt. #85).  After reviewing plaintiff's motion and the balance of the record, the Court finds and orders as follows:

       On April 19, 2006, the Court ordered plaintiff to file a second amended complaint, because he sought to add three more plaintiffs as parties to this matter, while the Ninth Circuit Court of Appeals specifically limited him to filing "an amended complaint that properly identified the persons and policies <u>he</u> alleges interfered with <u>his</u> constitutional rights." (Dkt. #75); <u>Spitsyn v. Morgan</u>, 160 Fed. Appx. 593, 595 (9th Cir. 2005) (emphasis added).  For this reason, the Court refused to accept plaintiff's first amended complaint (Dkt. #57) for filing <u>and</u> his motion to add the three additional plaintiffs (Dkt. #60).

       In his motion, plaintiff argues he was denied his right to due process, because he was not offered a

chance to file a reply to defendants' response (Dkt. #72) to his motion to add the three additional plaintiffs (Dkt. #60). Specifically, plaintiff asserts the fact that this Court issued the above order only five days after defendants' response was filed, precluded him from being able to file a reply thereto, and therefore from being fully heard. Plaintiff further argues for the same reason that the due process rights of the three plaintiffs he sought to add were denied as well. Plaintiff requests the Court allow him and the three other potential plaintiffs to show cause on this issue.

Defendants respond by noting that the Court did not prohibit plaintiff from adding the additional parties noted above based on their response to plaintiff's motion, but rather on the language contained in the Ninth Circuit's remand decision. Accordingly, defendants argue no constitutional violation has been suffered by plaintiff or the three other individuals he seeks to add as plaintiffs in this matter. Defendants' reading of the Court's order is correct. In denying plaintiff's motion to add three additional plaintiffs, the Court relied solely on the opinion of the Ninth Circuit.

Plaintiff argues in his reply, however, that the Ninth Circuit did not preclude him from adding other parties as plaintiffs to this matter, asserting that the language from the Court of Appeals quoted above addressed only the <u>form</u> of the pleading, and not whether additional plaintiffs could be added. Plaintiff's interpretation of that language, while certainly creative, ignores the plain meaning of the words the Ninth Circuit used. That is, although the Court of Appeals did not expressly state that plaintiff could not add additional plaintiffs, it, in no uncertain terms, limited any amended complaint he chose to file to only those allegations that involved his constitutional rights.

Accordingly, for the reasons set forth above, plaintiff's motion to be accorded his right to due process of law (Dkt. #85) hereby is DENIED.

In addition, the Court notes plaintiff was previously warned by this Court (<u>see</u> Dkt. #75) that **as a party proceeding *pro se* in this matter who is not licensed to practice law, he may not represent, or submit pleadings on behalf of, other parties to this cause of action.** While plaintiff denies doing so, the fact that he continues to argue on behalf the three additional parties he seeks to add as plaintiffs in this motion belies that denial. For example, in his reply, plaintiff expressly states that he, "together with potential plaintiffs Alvin Hegge, Valentina Rassokhina and Lyudmila Spitsyna, submits this Reply to Defendants' Response." (Dkt. #92, p. 2.) In addition, he states that they "are all seeking for the right to reply to be restored." <u>Id.</u> at p. 5.

ORDER
Page - 2

Accordingly, **this is plaintiff's second warning**. **He shall submit no more motions, pleadings or other filings on behalf of, or arguing for, any person or party to this matter other than himself. Failure to do so may result in the imposition of sanctions, including, but not limited to, monetary sanctions and/or dismissal of this action.** If the other parties plaintiff has sought to add as plaintiffs wish to seek redress for perceived violations of their constitutional rights, they certainly may choose to do so by filing individual separate actions on their own behalf. However, they may not do so in this matter, and the Court will not entertain such challenges any further here.

The Clerk is directed to send a copy of this Order to plaintiff and counsel for defendants.

DATED this 22nd day of June, 2006.

Karen L. Strombom
United States Magistrate Judge