UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SERGEY SPITSYN, <br><br>            Plaintiff, <br><br>     v. <br><br> RICHARD MORGAN, *et al*, <br><br>            Defendants. | Case No.  C04-5134FDB-KLS <br><br> REPORT AND RECOMMENDATION <br><br> Noted for September 15, 2006 |

This matter has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Magistrates' Rules MJR 1, MJR 3, and MJR 4.  This matter comes before the court on plaintiff's filing of a motion for furlough. (Dkt. #99).  Having reviewed plaintiff's motion, defendants' response thereto and the remaining record, the undersigned submits the following Report and Recommendation for the Honorable Franklin D. Burgess' review.

DISCUSSION

In his motion, plaintiff states that he is unable to effect service of his amended complaint and the summons to the full extent required by Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 4.  He states that he had another inmate serve the summons and amended complaint on the additional defendants he named therein via certified mail.  Apparently, however, some of those defendants refused to accept such service, deeming it to have been improper.  Plaintiff argues he needs to be released on furlough in order to properly complete service because he lacks the financial means or other resources to do so.

ORDER
Page - 1

1 In response, defendants agree that plaintiff was informed that service of his amended complaint via certified mail did not comply with Fed. R. Civ. P. 4. Defendants assert, however, that they agreed to treat plaintiff's summons and amended complaint as a request for waiver of service, and would respond thereto accordingly. Defendants further assert that, except with respect to one named defendant who apparently currently is in Iraq and thus is unavailable for service or to complete waiver of service, a waiver of service and notice of appearance for the remaining additional defendants would be filed along with their response to plaintiff's motion.

Pursuant to Fed. R. Civ. P. 4(c), "[s]ervice may be effected by any person who is not a party and who is at least 18 years of age." As such, plaintiff's attempt to serve the additional named defendants via certified mail was improper.[1] In addition, an inmate "has no independent constitutional right to conditional release before the expiration of a valid sentence." Baumann v. Arizona Dept. of Corrections, 754 F.2d 841, 843 (9th Cir. 1985) (citing Greenholtz v. Inmates of the Nebraska Penal and Correctional Complex, 442 U.S. 1, 7 (1979)). That is, plaintiff has no right to be released on furlough for the purpose of seeking to properly effect service of a civil complaint.

Indeed, plaintiff has not shown he lacks the resources to properly effect service through the use of a process server or other non-party to this case. See Order adopting Report and Recommendation to deny plaintiff's application to proceed *in forma pauperis* (Dkt. #83, #91). Finally, it appears that defendants are prepared to waive service, although the Court notes that, contrary to defendants' statement, such waiver of service and notice of appearance were not filed with their response. Accordingly, for all of the reasons set forth above, plaintiff's motion for furlough (Dkt. #99) should be denied.

## CONCLUSION

For all of the above reasons, the court should deny plaintiff's *ex parte* motion for injunction. (Dkt. #106).

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have ten (10) days from service of this Report and Recommendation to file written objections thereto. See also Fed. R. Civ. P.

---

[1] Apparently in an effort to support his position that his attempt to have his amended complaint served by another inmate via certified mail was proper, plaintiff repeatedly cites to Benny v. Pipes, 799 F.2d 489 (9th Cir. 1986), in his *ex parte* motion for injunction (Dkt. #101) for the proposition that inmates may effect service for other inmates. While it is true that the phrase "by any person" in Fed. R. Civ. P. 4(c) contemplates service effected by prisoners as well (see Benny, 799 F.2d at 493-94), to be proper under Fed. R. Civ. P. 4, such service still must be made in person, not via certified mail. See id. Indeed, Benny itself dealt solely with the situation where prisoners tried to effect in person service on prison guards.

ORDER
Page - 2

6. Failure to file objections will result in a waiver of those objections for purposes of appeal. <u>Thomas v. Arn</u>, 474 U.S. 140 (1985). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set this matter for consideration on **September 15, 2006**, as noted in the caption.

The Clerk is directed to send a copy of this Order to plaintiff and counsel for defendant[s].

DATED this 18th day of August, 2006.

Karen L. Strombom
United States Magistrate Judge

ORDER
Page - 3