UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SERGEY SPITSYN,<br><br>        Plaintiff,<br><br>    v.<br><br>RICHARD MORGAN, *et al*,<br><br>        Defendants. | Case No. C04-5134FDB-KLS<br><br>REPORT AND RECOMMENDATION<br><br>Noted for September 15, 2006 |

This matter has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Magistrates' Rules MJR 1, MJR 3, and MJR 4. This matter comes before the court on plaintiff's filing of an *ex parte* motion for injunction. (Dkt. #101). Having reviewed plaintiff's motion and the remaining record, the undersigned submits the following Report and Recommendation for the Honorable Franklin D. Burgess' review.

## DISCUSSION

Plaintiff filed his *ex parte* motion on July 28, 2006. (Dkt. #101). Defendants, however, filed a response to plaintiff's motion, arguing that the motion was not properly brought *ex parte*. (Dkt. #104). Plaintiff then filed an overlength reply (Dkt. #106), along with a motion to file such a reply. (Dkt. #107). Because, as explained below, plaintiff has failed to show he is entitled to the injunctive relief he requests here, the undersigned finds no harm in allowing him to filed his overlength reply. The Court, therefore, should permit him to do so. The undersigned though agrees with defendants that plaintiff's motion has

been improperly brought before the Court *ex parte*.

In his motion, plaintiff alleges that Lori Scamahorn – who is the legal liaison at the Washington State Penitentiary, but not a party to this case – retaliated against him because she is the spouse of one of the named defendants in this case, Al Scamahorn. Specifically, plaintiff asserts he received an infraction from Ms. Scamahorn for having violated a prison rule against giving or lending anything of value to, or accepting anything of value from, another inmate. Apparently, this infraction was in relation to postage costs incurred by another inmate, Shane Pitzlin, who attempted service of plaintiff's amended complaint on his behalf with respect to this case via certified mail. That inmate also was infracted.

Plaintiff argues that because the infraction results in a permanent loss of good time credits, he will suffer irreparable damages unless that infraction is expunged from his record. Thus, he seeks an order from this Court to that effect. But as defendants point out, *ex parte* motions for injunctive relief are proper only with respect to <u>temporary</u> injunctive relief. <u>See</u> Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 65. Here, however, as noted above, plaintiff is seeking permanent injunctive relief. That is he seeks the permanent expungement of the infraction he received from his record. Accordingly, plaintiff should have provided proper notice to defendants.[1]

Even if plaintiff's motion had been properly served, he has failed to show he is entitled to the relief he seeks. "It is elementary that one is not bound by a judgment in personam resulting from litigation in which he is not designated as a party or to which he has not been made a party by service of process." <u>Radio Corp. v. Hazeltine Research, Inc.</u>, 395 U.S. 100, 110 (1969). In other words, "a court has no power to adjudicate a personal claim or obligation unless it has jurisdiction over the person of the defendant." <u>Id.</u>   Here, as plaintiff himself admits, the infraction he received was issued by Ms. Scamahorn, who is not a party to this action. Nor, despite plaintiff's unsupported allegations to the contrary, has any showing been made that any of the named defendants in this case were responsible for, or were otherwise involved with, that infraction, or that they have the authority to remove it. As such, the Court has no power to issue the injunction plaintiff seeks, even if it were inclined to do so.

In addition, the basic function of preliminary injunctive relief is to preserve the *status quo ante litem* pending a determination of the action on the merits. <u>Los Angeles Memorial Coliseum Com'n v. National</u>

---

[1] While plaintiff states in his reply that he provided defendants with a "courtesy" copy of his motion, there is no record of proper service having been made pursuant to Fed. R. Civ. P. 7 as required.

REPORT AND RECOMMENDATION
Page - 2

Football League, 634 F.2d 1197, 1200 (9th Cir. 1980).  A party seeking injunctive relief must fulfill either of two standards, the "traditional" or the "alternative":

> Under the traditional standard, a court may issue injunctive relief if it finds that (1) the moving party will suffer irreparable injury if the relief is denied; (2) the moving party will probably prevail on the merits; (3) the balance of potential harm favors the moving party; and (4) the public interest favors granting relief. . . . Under the alternative standard, the moving party may meet its burden by demonstrating either (1) a combination of probable success and the possibility of irreparable injury or (2) that serious questions are raised and the balance of hardships tips sharply in its favor.

Cassim v. Bowen, 824 F.2d 791, 795 (9th Cir. 1987) (citations omitted).  To obtain injunctive relief, the moving party must demonstrate exposure to irreparable harm absent the requested judicial intervention.  Caribbean Marine Services Co. v. Baldrige, 844 F.2d 668, 674 (9th Cir. 1988).

Plaintiff has made no showing that the traditional or alternative standards for obtaining preliminary injunctive relief have been met here.  As noted above, he has failed to show that he will suffer irreparable injury as the result of actions of any of the named defendants in this case.  Thus, he also cannot show with respect to the subject matter of this case that any balance of potential harm tips sharply in his favor, or that the public interest favors granting the relief he seeks.  More importantly, however, plaintiff has not shown that there is a likelihood of success on the merits of his claims.

In addition, plaintiff indicates in his motion and reply that he may seek to have added Mr. Pitzlin as a plaintiff and Ms. Scamahorn as defendant to this case.  With respect to Mr. Pitzlin, plaintiff already has been warned twice by this Court that this case concerns alleged violations of his constitutional rights only, and therefore that he may not add any parties as additional plaintiffs to this matter.  In regard to Ms. Scamahorn's alleged retaliatory actions, again those actions are not part of the original subject matter of this case or the allegations contained in his amended complaint.  Thus, to the extent plaintiff seeks relief with respect to Ms. Scamahorn's alleged conduct, he must do so in a separate action.

## CONCLUSION

For all of the above reasons, the court should deny plaintiff's *ex parte* motion for injunction. (Dkt. #101).

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have ten (10) days from service of this Report and Recommendation to file written objections thereto. See also Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is

directed to set this matter for consideration on **September 15, 2006**, as noted in the caption.

The Clerk is directed to send a copy of this Order to plaintiff and counsel for defendant[s].

DATED this 18th day of August, 2006.

Karen L. Strombom
United States Magistrate Judge