UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SERGEY SPITSYN,

                Plaintiff,

v.

RICHARD MORGAN, *et al*,

                Defendants.

Case No.  C04-5134FDB-KLS

ORDER REGARDING PLAINTIFF'S MULTIPLE MOTIONS

This matter has been referred to Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1),  Local Magistrates Rules MJR 3 and 4, and Rule 72 of the Federal Rules of Civil Procedure. The case is before the Court on plaintiff's filing of a motion regarding service of process (Dkt. #16), motion regarding constitutionality of service of process by prisoners (Dkt. #17), motion regarding defendant Munden (Dkt. #18), and motion to withdraw certain defendants (Dkt. #119).   After reviewing plaintiff's motions, defendant's responses to those motions, plaintiff's reply thereto, and the balance of the record, the Court finds and orders as follows:

I.        Plaintiff's Motion Regarding Service of Process (Dkt. #116)

In this motion, plaintiff asserts that he has been unable to effect service of process on certain of the named defendants who were added to his second amended complaint – defendants Steve Fleenor, William Bermoy, D. Snively and Sheldon Weaver – because defendants' counsel has not filed a waiver of service on their behalf despite a promise to do so.  Plaintiff further asserts that other attempts to effect service he

1    has made so far have been unsuccessful. As such, plaintiff seeks an extension of time to effect such
2    service, and he offers several proposals for Court action to help him in this regard.

3    Defendants counter that they have waived service as to the above named defendants through the
4    notice of appearance filed by their counsel on August 2, 2006. <u>See</u> (Dkt. #103)  Indeed, a review of that
5    notice shows this to be the case. As such, plaintiff's motion and his requests therein for an extension of
6    time and for Court action are moot. Plaintiff argues that the notice of appearance filed by defendants'
7    counsel is a standard form, which complicates the issue of service. Plaintiff, however, does not explain
8    exactly how the issue of service has been "complicated."  Indeed, as pointed out by defendants, Federal
9    Rule of Civil Procedure ("Fed. R. Civ. P.") 4(d), which governs waiver of service, does not require any
10   specific type of form for the waiver.

11   Accordingly, the undersigned finds the above named defendants have waived service via the filing
12   of the notice of appearance. Plaintiff's motion regarding service of process (Dkt. #116), therefore, hereby
13   is DENIED.

14   II.   <u>Plaintiff's Motion Regarding Constitutionality of Service of Process by Prisoners (Dkt. #117)</u>

15   Plaintiff, in this motion, seeks an advisory opinion from a "three judge" panel of this Court on the
16   question of whether he, as a prisoner, has a constitutional right to ask another prisoner to effect service of
17   process via certified mail pursuant to Fed. R. Civ. P. 4(i) and <u>Benny v. Pipes</u>, 799 F.2d 489 (9th Cir. 1986).
18   However, Fed. R. Civ. P. 4(i) solely concerns service of process on the United States and its agencies and
19   officials. As such, it is wholly inapplicable to a case such as this, which only concerns state government
20   officials.  Plaintiff argues he intends to add new defendants who may be United States officials. Nothing in
21   his second amended complaint though at all suggests that any such officials were involved in the events
22   alleged therein, and plaintiff is warned against any attempts to add improper parties or to inappropriately
23   broaden the scope of his second amended complaint.

24   In addition, the Court previously has explained to plaintiff why <u>Benny</u> offers him no help in his
25   apparent continued efforts to attempt service of the summons and complaint via certified mail. <u>See</u> (Dkt.
26   #109). Plaintiff should be aware that any attempt to raise this issue again in the future will be considered
27   frivolous, which may result in the imposition of sanctions as the Court deems appropriate.

28   As such, the undersigned finds plaintiff's motion regarding service of process by prisoners (Dkt.
     #117) to be completely without merit. Accordingly, that motion hereby is DENIED. The undersigned

does note plaintiff's objection to defendants' including their response to this motion with their responses to his other motions, asserting that this motion was intended not for the undersigned, but for a "three judge court." However, there is no such "three judge court" in this Court to which plaintiff refers. His motion is properly before the undersigned, therefore, and appropriately has been dealt with as above. Once more, plaintiff is warned against making frivolous requests such as this, which, if made again in the future, may subject him to sanctions as the Court deems fit.

III.    Plaintiff's Motion Regarding Defendant Munden

Here, plaintiff seeks an extension of time to attempt to effect service on newly added defendant Captain Munden, who apparently is currently serving in Iraq. See (Dkt. #109). Plaintiff also requests that the Court take certain action with respect to defendant Munden as follows:

(1) require the Washington State Office of the Attorney General to represent defendant Munden pursuant to RCW 4.92.070 and RCW 43.10.040;

(2) allow service on the Washington State Secretary of State via certified mail to constitute service on defendant Munden;

(3) declare defendant Munden as notified because the Washington State Office of the Attorney General is his attorney pursuant to RCW 4.92.070 and RCW 43.10.040 and was served via certified mail pursuant to Fed. R. Civ. P. 4(i);

(4) suggest an alternative means of service of process;

(5) sever defendant Munden from this case and split this matter into two causes of action; or

(6) dismiss defendant Munden from this case and allow plaintiff to re-word his second amended complaint to reflect that.

The Court shall deal with each of these requests in turn.

A.    RCW 4.92.070 and RCW 43.10.040

First, neither the language of RCW 4.92.070 nor that of RCW 43.10.040 in itself requires that the Washington State Office of the Attorney General represent defendant Munden. RCW 4.92.070 provides in relevant part as follows:

> If the attorney general shall find that said [state] officer, employee, or volunteer's acts or omissions were, or were purported to be in good faith, within the scope of that person's official duties, . . . said request shall be granted, in which event the necessary expenses of the defense of said action or proceeding relating to a state officer, employee, or volunteer shall be paid as provided in RCW 4.92.130.

Here, however, there is no indication the Attorney General's Office has made any finding that defendant Munden's alleged actions or omissions were, or were purported to be, in good faith and within the scope

ORDER
Page - 3

of his duties at the time. In addition, RCW 4.92.060 directs that any such state officer or employee first "request the attorney general to authorize the defense of said action or proceeding." According to counsel for defendants, defendant Munden is unavailable as he is in Iraq, and thus has not been notified of this lawsuit, let alone submitted a request for defense. Lastly, RCW 43.10.040, as defendants note, is directed at state boards, commissions and agencies, not individual state employees. In any event, the requirements of RCW 4.92.060 and RCW 4.92.070 must still be met.

B. Service on the Secretary of State

Plaintiff provides no authority for the proposition that service on the Washington State Secretary of State can substitute for proper service being made on defendant Munden himself. Indeed, as explained above, Fed. R. Civ. P. 4(c) requires that personal service be made on the particular defendant, and not on some other state official. In addition, as discussed above, service via certified mail, whether on defendant Munden or the Secretary of State is not proper service under the federal rules.

C. Service on the Attorney General's Office

Plaintiff requests that the Court declare defendant Munden as notified, because the Washington State Office of the Attorney General is his attorney pursuant to RCW 4.92.070 and RCW 43.10.040, and the Attorney General's Office was served via certified mail pursuant to Fed. R. Civ. P. 4(i). This request is wholly without merit, because, as discussed above, no showing has been made that such representation is required under either RCW 4.92.070 and RCW 43.10.040, and because, once again, service via certified mail is not proper service, unless, as with the case of defendants Bermoy, Fleenor, Snively, and Sheldon, service is voluntarily waived.

D. Alternative Suggestions for Service

While the Court duly notes that plaintiff is a *pro se* prisoner, this fact alone does not relieve him of his responsibility for properly effecting his own service. The Court will not, nor does it have the authority to, provide plaintiff or any other party hereto with legal advice on how to prosecute his case.

E. Severance of Defendant Munden

The Court does not find it appropriate to sever this matter into two separate causes of action, and therefore declines to do so.

F. Dismissal of Defendant Munden and Amendment of Complaint

Given the foregoing discussion, plaintiff's statement that "[i]f all else fails, this court may drop

1  defendant Munden from this action," and defendants' agreement that the Court should do so, the Court
2  hereby GRANTS plaintiff's request to dismiss defendant Munden from this case.  With respect to plaintiff's
3  request that he be allowed to re-word his second amended complaint to delete all reference to defendant
4  Munden on p. 3D, ¶ 2.1, the Court finds such re-wording to be unnecessary.  As the Court has dismissed
5  defendant Munden from this action, all references to him contained in the second amended complaint
6  necessarily are now without effect.  Accordingly, to the extent set forth in this subsection III.F. only,
7  plaintiff's motion regarding defendant Munden (Dkt. #118) hereby is GRANTED.

IV.  <u>Plaintiff's Motion to Withdraw Certain Defendants (Dkt. #119)</u>

In his motion, plaintiff requests the Court to withdraw from this action defendants John Peterson and John Moore, because they are not mentioned in the second amended complaint.  As pointed out by defendants, the Court docket indicates that these two defendants were terminated from this case on May 10, 2006, the date plaintiff filed his second amended complaint.  Indeed, because the second amended complaint does not name them as defendants and also replaces plaintiff's first amended complaint in its entirety, those defendants necessarily are no longer parties to this action.  As they already have been terminated from this action, plaintiff's motion to withdraw defendants Peterson and Moore (Dkt. #119) is unnecessary.  To be completely clear, however, that motion hereby is GRANTED.

The Clerk is directed to send a copy of this Order to plaintiff and counsel for defendants.

DATED this 17th day of November, 2006.

Karen L. Strombom
United States Magistrate Judge