UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SERGEY SPITSYN,

            Plaintiff,

    v.

RICHARD MORGAN, *et al*,

            Defendants.

Case No. C04-5134FDB-KLS

ORDER REGARDING
PLAINTIFF'S MOTION TO
RECUSE AND/OR DISQUALIFY

       This matter has been referred to United States Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1)(A) and 636 (b)(1)(B), and Local Magistrates Rule MJR3 and MJR4.  Plaintiff has filed a civil rights complaint pursuant to 42 U.S.C. § 1983.  The matter is before the Court on plaintiff's motion to recuse and/or disqualify the undersigned judge. (Dkt. #134).

       Pursuant to 28 U.S.C. § 455(a), a judge of the United States shall disqualify herself in any proceeding in which her impartiality "might reasonably be questioned."  A federal judge also shall disqualify herself in circumstances where she has a personal bias or prejudice concerning a party or personal knowledge of disputed evidentiary facts concerning the proceeding. 28 U.S.C. § 455(b)(1). Pursuant to 28 U.S.C. § 144:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

       Under both 28 U.S.C. § 144 and 28 U.S.C. § 455, recusal of a federal judge is appropriate if "a

ORDER
Page - 1

1  reasonable person with knowledge of all the facts would conclude that the judge's impartiality might
2  reasonably be questioned." <u>Yagman v. Republic Insurance</u>, 987 F.2d 622, 626 (9th Cir.1993). This is an
3  objective inquiry concerned with whether there is the appearance of bias, not whether there is bias in fact.
4  <u>Preston v. United States</u>, 923 F.2d 731, 734 (9th Cir.1992); <u>United States v. Conforte</u>, 624 F.2d 869, 881
5  (9th Cir.1980).  In <u>Liteky v. United States</u>, 510 U.S. 540 (1994), the United States Supreme Court further
6  explained the narrow basis for recusal:

> [J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion. . . . [O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible. Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge.

11 <u>Id.</u> at 555.

12      Here, the undersigned has no personal bias or reason to be partial to one side or the other in this
13 matter.  The undersigned makes rulings in each case based upon the issues presented by the parties or upon
14 her own *sua sponte* review.  Most of plaintiff's reasons for seeking recusal of the undersigned are based on
15 the undersigned's prior rulings in this matter, which apparently did not go the way plaintiff had hoped.  As
16 noted above, however, this is an improper basis for seeking recusal.

17      Plaintiff further claims though that the undersigned admitted to having had improper *ex parte*
18 communications with defendants regarding court proceedings.  In support of this claim, plaintiff points to a
19 report and recommendation the undersigned issued on August 18, 2006, recommending that plaintiff's
20 motion for a furlough be denied. (Dkt. #109).  Plaintiff alleges that the undersigned indicated therein that
21 she was in possession of information from defendants about one of the defendants being in Iraq, although
22 the record contains no documents which provides any information in this regard.

23      The only place in the report and recommendation where the undersigned discussed the issue of one
24 of the defendants being in Iraq is at page 2, lines 4-5, which reads in relevant part as follows: "Defendants
25 further assert that, except with respect to one named defendant who apparently currently is in Iraq and thus
26 is unavailable for service or to complete waiver of service . . ." (Dkt. #109).  This statement though merely
27 refers to prior assertions made by defendants in their pleadings (<u>see</u> (Dkt. #102), and, as such, is in no way
28 an admission of *ex parte* communications.  Indeed, the undersigned has not engaged in any such

communications, nor has plaintiff come forth with any actual evidence thereof.

The undersigned thus finds no reason to recuse herself voluntarily from this case, and she hereby **DECLINES** to do so. Pursuant to Local Rule General Rule 8, however, this matter shall bereferred to the chief judge. Plaintiff's motion for recusal of the undersigned, therefore, hereby is **REFERRED** to Chief Judge Robert S. Lasnik for decision.

Accordingly, this action, and all motions currently pending before the Court, hereby is **STAYED** pending resolution of the recusal issue. **In addition, in light of the stay of proceedings, no further motions shall be filed in this matter until the above stay is lifted. Any new motion so filed shall not be considered and shall be dismissed.**

The clerk is directed to send a copy of this order to plaintiff and to counsel for defendants, and to place the motion for the recusal of the undersigned on Judge Lasnik's motion calender.

DATED this 21st day of December, 2006.

Karen L. Strombom
United States Magistrate Judge

ORDER
Page - 3