UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SERGEY SPITSYN,<br><br>            Plaintiff,<br>   v.<br><br>RICHARD MORGAN, *et al.*,<br><br>           Defendants. | No. C04-5134FDB-KLS<br><br>ORDER DENYING PLAINTIFF'S REQUEST TO REMOVE JUDGE STROMBOM |

This matter comes before the Court under Local General Rule 8(c). On December 1, 2006, plaintiff Sergey Spitsyn filed a "Motion to Recuse and/or Disqualify Magistrate Strombom" (Dkt. #134). The Honorable Karen L. Strombom, United States Magistrate Judge, declined to recuse herself voluntarily and the matter was referred to the Chief Judge for review (Dkt. #140). Plaintiff's motion is therefore ripe for review by this Court.

Section 455 of title 28 of the United States Code governs the disqualification of a district judge. It states in relevant part: "Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Additionally, 28 U.S.C. § 144, pertaining to judicial bias or prejudice, provides:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding. The affidavit shall state the facts and the reasons for the belief that

ORDER DENYING PLAINTIFF'S
REQUEST TO REMOVE JUDGE STROMBOM

bias or prejudice exists[.]

A judge must recuse herself if a reasonable person would believe that she is unable to be impartial. Yagman v. Republic Ins., 987 F.2d 622, 626 (9th Cir. 1993). This is an objective inquiry regarding whether there is an appearance of bias, not whether there is bias in fact. Preston v. United States, 923 F.2d 731, 734 (9th Cir. 1991); United States v. Conforte, 624 F.2d 869, 881 (9th Cir. 1980); see also Liteky v. United States, 510 U.S. 540, 555 (1994) (explaining the narrow bases for recusal). A litigant cannot, however, use the recusal process to remove a judge based on adverse rulings in the pending case: the alleged bias must result from an extrajudicial source. United States v. Studley, 783 F.2d 934, 939 (9th Cir. 1986).[1]

Plaintiff argues that Judge Strombom is biased based on her rulings of: July 1, 2004 (Dkt. #24); April 19, 2006 (Dkt. #75); May 18, 2006 (Dkt. #84); June 22, 2006 (Dkt. #93); and August 18, 2006 (Dkt. #110). See Dkt. #134 at 4, ¶1 ("[T]he magistrate was partial and/or biased at the time of ruling on these sections [3, 4, 6, 8, and 9]"). Plaintiff, however, does not identify any extrajudicial source of the alleged prejudice: the only suggestion of bias is the judge's earlier decisions. In such circumstances, the risk that the litigant is using the recusal motion for strategic purposes is considerable. See Ex Parte Am. Steel Barrel Co. and Seaman, 230 U.S. 35, 44 (1913). Because a judge's conduct in the context of judicial proceedings does not constitute the requisite bias under § 144 or § 455 if it is prompted solely by information that the judge received in the context of the performance of her duties as the presiding judicial officer, plaintiff has not met the burden of showing an appearance of bias.

Plaintiff's only allegation concerning an extrajudicial source of prejudice relates to an alleged *ex parte* communication with defendants regarding court proceedings. See Dkt. #134 at

---

[1] Objections to a judge's decisions are properly raised through an appeal, not a motion to recuse.

ORDER DENYING PLAINTIFF'S
REQUEST TO REMOVE JUDGE STROMBOM         -2-

2, ¶1.  Plaintiff alleges that Judge Strombom had *ex parte* communications with defendants because in the August 18, 2006 report and recommendation Judge Strombom referenced that one defendant was in Iraq, and plaintiff asserts that the court record "does not contain any documents from the defendants, which informs [sic] of a defendant being in Iraq."  Id.  The Court finds to the contrary, however, that the statement made in Judge Strombom's August 18, 2006 report and recommendation refers to assertions made in "Defendants' Response to Plaintiff's Motion for Furlough" (Dkt. #102), which states in footnote 1:  "Captain Gale Munden is in Iraq and not available for service or to complete waiver of service."  See Dkt. #109 at 2 (Report and Recommendation).  Thus, there is no support for plaintiff's allegation that Judge Strombom has had *ex parte* communications with defendants in this matter.

      Having reviewed plaintiff Sergey Spitsyn's motion and the remainder of the record, the Court finds that Judge Strombom's impartiality cannot reasonably be questioned.  There being no evidence of bias or prejudice, plaintiff's request to remove Judge Strombom from this matter (Dkt. #134) is DENIED.

      DATED this 26th day of February, 2007.

                                       */s/ Robert S. Lasnik*
                                       Robert S. Lasnik
                                       United States District Judge