UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SERGEY SPITSYN,<br><br>        Plaintiff,<br><br>    v.<br><br>RICHARD MORGAN, *et al*,<br><br>        Defendants. | Case No.  C04-5134FDB-KLS<br><br>REPORT AND RECOMMENDATION<br><br>Noted for April 6, 2007 |

This matter comes before the court on plaintiff's filing of a motion for injunction. (Dkt. #131). This matter previously was stayed pending resolution of plaintiff's motion for recusal. (Dkt. #134 and #140). That motion now has been denied (Dkt. #144), and this matter therefore once more is before the undersigned. Having reviewed plaintiff's motion, defendant's response to that motion, plaintiff's reply thereto, and the remaining record, the undersigned submits the following Report and Recommendation for the Honorable Franklin D. Burgess' review.

## DISCUSSION

On July 28, 2006, plaintiff filed an *ex parte* motion for injunction. (Dkt. #101). The Court found, however, that plaintiff's motion had been improperly brought *ex parte*. (Dkt. #110 and #114). Plaintiff had alleged that Lori Scamahorn – who is the legal liaison at the Washington State Penitentiary, but not a party to this case – retaliated against him because she is the spouse of one of the named defendants in this case, Al Scamahorn. Specifically, plaintiff asserted he received an infraction from Ms. Scamahorn for having

1  violated a prison rule against giving or lending anything of value to, or accepting anything of value from,
2  another inmate.  Apparently, this infraction was in relation to postage costs incurred by another inmate,
3  Shane Pitzlin, who attempted service of plaintiff's amended complaint on his behalf with respect to this
4  case via certified mail.  That inmate also was infracted.

5  Plaintiff argued that because the infraction results in a permanent loss of good time credits, he
6  would suffer irreparable damages unless that infraction is expunged from his record.  Thus, he sought an
7  order from this Court to that effect.  The Court denied plaintiff's motion, noting that *ex parte* motions for
8  injunctive relief are proper only with respect to temporary injunctive relief, and plaintiff was seeking
9  permanent injunctive relief.  See Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 65.  That is he sought
10 the permanent expungement of the infraction he received from his record.  Accordingly, it was found that
11 plaintiff should have provided proper notice to defendants.[1]  (Dkt. #110 and #114).

12 Even if plaintiff's motion had been properly served, the Court further noted, he had failed to show
13 he was entitled to the relief he sought.  "It is elementary that one is not bound by a judgment in personam
14 resulting from litigation in which he is not designated as a party or to which he has not been made a party
15 by service of process."  Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 110 (1969).  In other
16 words, "a court has no power to adjudicate a personal claim or obligation unless it has jurisdiction over the
17 person of the defendant."  Id.

18 In this case, plaintiff himself admitted the infraction he received was issued by Ms. Scamahorn, who
19 is not a party to this action.  Nor, despite plaintiff's unsupported allegations to the contrary, had any
20 showing been made that any of the named defendants in this case were responsible for, or were otherwise
21 involved with, that infraction, or that they had the authority to remove it.  As such, the Court found it had
22 no power to issue the injunction plaintiff sought, even if it were inclined to do so.  (Dkt. #110 and #114).

23 In addition, the basic function of preliminary injunctive relief is to preserve the *status quo ante litem*
24 pending a determination of the action on the merits.  Los Angeles Memorial Coliseum Com'n v. National
25 Football League, 634 F.2d 1197, 1200 (9th Cir. 1980).  A party seeking injunctive relief must fulfill either
26 of two standards, the "traditional" or the "alternative":

27 Under the traditional standard, a court may issue injunctive relief if it finds that (1)

28

---

[1] While plaintiff states in his reply that he provided defendants with a "courtesy" copy of his motion, there is no record of proper service having been made pursuant to Fed. R. Civ. P. 7 as required.

REPORT AND RECOMMENDATION
Page - 2

> the moving party will suffer irreparable injury if the relief is denied; (2) the moving party will probably prevail on the merits; (3) the balance of potential harm favors the moving party; and (4) the public interest favors granting relief. . . . Under the alternative standard, the moving party may meet its burden by demonstrating either (1) a combination of probable success and the possibility of irreparable injury or (2) that serious questions are raised and the balance of hardships tips sharply in its favor.

Cassim v. Bowen, 824 F.2d 791, 795 (9th Cir. 1987) (citations omitted).  To obtain injunctive relief, the moving party must demonstrate exposure to irreparable harm absent the requested judicial intervention. Caribbean Marine Services Co. v. Baldrige, 844 F.2d 668, 674 (9th Cir. 1988).

The Court found plaintiff had made no showing that the traditional or alternative standards for obtaining preliminary injunctive relief were met.  As noted above, he failed to show that he would suffer irreparable injury as the result of actions of any of the named defendants in this case.  Thus, he also could not show with respect to the subject matter of this case that any balance of potential harm tipped sharply in his favor, or that the public interest favored granting the relief he sought.  More importantly, however, plaintiff had not shown that there was a likelihood of success on the merits of his claims. (Dkt. #110 and #114).

In his current motion for injunctive relief, plaintiff again seeks an injunction against defendants with respect to his loss of good time credits. (Dkt. #131).  Plaintiff requests that the Court conduct a *de novo* review of this issue in light of certain events that transpired subsequent to the denial of his prior motion for inunction.  Plaintiff, however, has presented no new evidence to show that any of the named defendants were in anyway responsible for or involved in the infraction he received and resulting loss of good time credits.

Plaintiff's motion is, as defendants argue, essentially a motion for reconsideration.  Local Rule CR 7, however, states:

> Motions for reconsideration are disfavored.  The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence.

As just noted, plaintiff has not submitted any new facts or legal authority of consequence, which could not have been brought to the Court's attention earlier, nor has he shown any manifest error in the Court's prior ruling.  Plaintiff's current motion for injunction, therefore, is without merit, and should be denied.

## CONCLUSION

REPORT AND RECOMMENDATION
Page - 3

For all of the above reasons, the Court should deny plaintiff's motion for injunction. (Dkt. #131).

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have ten (10) days from service of this Report and Recommendation to file written objections thereto. See also Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set this matter for consideration on **April 6, 2007**, as noted in the caption.

The Clerk is directed to send a copy of this Order to plaintiff and counsel for defendants.

DATED this 15th day of March, 2007.

Karen L. Strombom
United States Magistrate Judge