UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SERGEY SPITSYN,

                Plaintiff,

      v.

RICHARD MORGAN, *et al*,

                Defendants.

Case No.  C04-5134FDB-KLS

ORDER DENYING PLAINTIFF'S MOTION FOR COURT TO ACT *SUA SPONTE*

This matter has been referred to Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1), Local Magistrates Rules MJR 3 and 4, and Rule 72 of the Federal Rules of Civil Procedure. The case is before the Court on plaintiff's filing of a motion for the Court to act *sua sponte*. (Dkt. #148). After reviewing plaintiff's motion, defendants' response thereto, plaintiff's reply to defendant's response, and the balance of the record, the Court finds and orders as follows:

In his motion, plaintiff accuses defendants of unethical conduct by intentionally leaving out a footnote in a response defendants previously filed with the Court, which had been the subject of plaintiff's prior accusation of bias on the part of the undersigned. Plaintiff now suggests the Court take a number of actions regarding the issue, each of which shall be addressed below.

First, plaintiff requests that he be sent a copy of the aforementioned response filed by defendants (Dkt. #102), and charge defendants for the cost of photocopying and mailing him that document. While plaintiff's request for a copy of that document hereby is GRANTED to him as a courtesy, even though it

ORDER
Page - 1

1  appears defendants already may have supplied him with a corrected copy, his request that defendants pay
2  the cost of issuing it hereby is DENIED.

3      Plaintiff next requests that financial sanctions be imposed on defendants. However, plaintiff sets
4  forth no reason why sanctions are justified. Defendants admit that the footnote reference above was left
5  out, but state that error was unintentional. Plaintiff has provided no evidence that such error was made
6  with ill intent or otherwise for the purpose of deceiving him. Accordingly, plaintiff's request for financial
7  sanctions hereby is DENIED as well.

8      Plaintiff also requests appointment of counsel. This is not the first time plaintiff has made such a
9  request. He has previously been denied such a request, as he has failed to show the standards for having
10 counsel appointed have been met. Plaintiff continues to fail to make that showing here. Plaintiff's request
11 for such appointment therefore also hereby is DENIED.

12     Lastly, plaintiff asserts that defendants' actions warrant an examination of the entire record in this
13 case. He thus requests that the Court send him a copy of every document that has been filed regarding this
14 matter, again at the expense of defendants, so that he can "personally go through the whole record" and
15 then "inform" the Court of any further alleged improprieties on the part of defendants. Because, as
16 explained above, plaintiff has failed to show any ill intent on the part of defendants or their counsel, and
17 because the Court will not condone the kind of fishing expedition plaintiff appears to desire to pursue in
18 making his request, that request hereby is DENIED.

19     Accordingly, plaintiff's motion for the Court to act *sua sponte* (Dkt. #148) hereby is granted only
20 to the extent that the Clerk is directed to send plaintiff a copy of defendants' response (Dkt. #102) to his
21 motion for furlough. The Clerk also is directed to send a copy of this Order to plaintiff and counsel for
22 defendants.

23     DATED this 13th day of April, 2007.

    Karen L. Strombom
    United States Magistrate Judge