UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SERGEY SPITSYN,

            Plaintiff,

      v.

RICHARD MORGAN, *et al*,

            Defendants.

Case No. C04-5134FDB-KLS

ORDER DENYING PLAINTIFF'S MOTION REGARDING SUBPOENAS

      This matter has been referred to Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1), Local Magistrates Rules MJR 3 and 4, and Rule 72 of the Federal Rules of Civil Procedure. The case is before the Court upon plaintiff's filing of a motion for reconsideration of the Court's prior order denying his motion to serve subpoenas via mail (Dkt. #155 and #158), which he terms plaintiff's motion regarding subpoenas (Dkt. #165). After reviewing plaintiff's motion, the Court does hereby find and ORDER:

      On May 25, 2007, the Court denied plaintiff's motion to serve subpoenas via mail. (Dkt. #158). Plaintiff did not file his motion for reconsideration until June 22, 2007. (Dkt. #165). In his motion for reconsideration plaintiff requests that the Court review its prior order and allow him to serve subpoenas via mail or other alternate means, and attaches copies of the subpoenas he desires to have served. Local Rule CR 7(h) states:

> (1) Standard. Motions for reconsideration are disfavored. The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence.

ORDER
Page - 1

      (2) Procedure and Timing. A motion for reconsideration shall be plainly labeled as such. The motion shall be filed within ten judicial days following the order to which it relates. The motion shall be noted for consideration for the day it is filed. The motion shall point out with specificity the matters which the movant believes were overlooked or misapprehended by the court, any new matters being brought to the court's attention for the first time, and the particular modifications being sought in the court's prior ruling. Failure to comply with this subsection may be grounds for denial of the motion.

Plaintiff, however, has not submitted any new facts or legal authority which could not have been brought to the Court's attention earlier, nor has he shown any manifest error in the Court's prior ruling. As such, his motion for reconsideration fails to meet the requirements of Local Rule 7(h)(1). Further, plaintiff's motion fails to meet the requirements of Local Rule 7(h)(2) as well. That is, he did not file his motion within the required time period for doing so, nor does that motion set out with any specificity his reasons and basis for seeking reconsideration.

In addition, the Court notes plaintiff has filed an objection (Dkt. #164) to defendants' withdrawal and substitution of counsel (Dkt. #160), on the basis that such withdrawal and substitution of counsel must be done with the Court's permission. While this "objection" is not framed or filed as a proper motion, the Court finds it in the interest of judicial efficiency to address it anyway. Local General Rule 2(g) expressly states that "[w]here there has simply been a change or addition of counsel within the same law office, an order of substitution is not required." Plaintiff's objection, therefore, is completely lacking in merit or basis in law. Plaintiff further is warned to consult both the Local Rules and Federal Rules of Civil Procedure before filing any such further objections or motions.

Accordingly, for all of the foregoing reasons, plaintiff's motion regarding subpoenas (i.e., motion for reconsideration) (Dkt. #165) hereby is DENIED.

The Clerk is directed to send copies of this Order to plaintiff and counsel for defendants.

DATED this 29th day of June, 2007.

                                  Karen L. Strombom
                                  United States Magistrate Judge