UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SERGEY SPITSYN,

                Plaintiff,

       v.

RICHARD MORGAN, *et al*,

                Defendants.

Case No.  C04-5134FDB-KLS

ORDER REGARDING
PLAINTIFF'S MOTION FOR AN
ORDER TO COMPEL
DISCOVERY

This matter has been referred to Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1),  Local Magistrates Rules MJR 3 and 4, and Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 72.  The case is before the Court on plaintiff's filing of a motion for an order to compel discovery. (Dkt. #162).   After reviewing plaintiff's motion, defendants' response to that motion, plaintiff's reply thereto, and the balance of the record, the Court finds and orders as follows:

(1)[1]   Defendants' Full Names

Plaintiff seeks the full names of all defendants, including their middle names, claiming that certain documents produced might refer to a defendant by only their first name or by their initials.  This, plaintiff asserts, could prevent him from differentiating the named defendants from other persons having similar names.  Defendants respond by stating that plaintiff already has the first and last names of each defendant,

---

[1]The section numbers used herein correspond with the paragraph numbers contained in plaintiff's motion.

ORDER
Page - 1

1  and that he has not articulated any reason for why the middle names are needed as well.  Plaintiff replies

2  by stating that defendants have presented no reason for not disclosing the middle names or why disclosing

3  them is irrelevant to discovery.

4       Contrary to defendants assertion, as noted above, plaintiff did provide a reason for seeking each of

5  their middle names.  The Court, however, finds that reason to be without merit.  Although the possibility

6  does exist, however slight, that one or more of the named defendants has a name, which so similar to

7  another individual's name appearing in the discovery documents provided, that in the right context could

8  lead to some identity confusion, plaintiff has not made any showing that such has happened already or is

9  likely to happen.  Accordingly, because plaintiff does not dispute that he has the first and last names of

10  each defendant, which, barring the kind of showing discussed above, should be sufficient for purposes of

11  discovery, his request for defendants' full names hereby is DENIED.

12       (2)    Position Descriptions

13       Plaintiff claims defendants failed to provide the descriptions of their official positions signed by

14  each of them that he requested.  By signing those position descriptions, plaintiff asserts, each defendant

15  agreed to perform the occupational duties set forth therein.  Defendants respond by asserting that they

16  produced 76 pages of responsive documentation, including copies of position descriptions for all of them.

17  Plaintiff replies that those position descriptions were not produced, and that the ones that were provided

18  contain descriptions for other individuals not parties to this lawsuit.

19       The Court first notes, however, that in his first request for production of documents, of which the

20  motion to compel is concerned, plaintiff did not ask for the actual position descriptions signed by each

21  named defendant.  Rather, he merely requested the "[o]ccupational duties and responsibilities of each

22  defendant." See Defendants' Response to Plaintiff's Motion to Compel Discovery ("Response"), Exhibit

23  1, Attachment A, p. 1.  As such, defendants response cannot be said to have been unresponsive for not

24  having provided copies of those particular descriptions.

25       That being said, plaintiff has attached to his reply brief what he claims are copies of the position

26  descriptions that defendants did produce.  A review of those copies and of the position titles set forth by

27  plaintiff in his motion, however, shows defendants' response appears to be deficient only with respect to

28  the position description of one of the named defendants, William Bernay.  Whereas, according to plaintiff,

it seems defendant Bernay is a Corrections Officer Level 1, defendants produced a position description

ORDER
Page - 2

for the position of "Corrections Officer 2."  As to all of the other named defendants, the position descriptions produced by defendants appear to match the job titles listed by plaintiff.

Plaintiff's request, therefore, hereby is GRANTED to the extent that defendants shall produce by the date set forth below, a description of the position of a level 1 corrections officer.  In all other respects, however, plaintiff's request hereby is DENIED for the reasons set forth above.

(3), (4)        Grievances and Civil Actions Filed Against Defendants

Plaintiff seeks summaries of the nature of all grievances filed by other inmates and prison officials and all civil actions filed by other inmates against defendants.  Plaintiff argues these summaries may lead to discovery of new potential witnesses and/or evidence of the habitual or routine practices of defendants, such as with respect to retaliations made toward other litigating inmates.  Plaintiff further asserts they may lead to discovery of evidence that defendants are aware of laws and policies, and therefore do not qualify for immunity.

Defendants objected to plaintiff's original request to produce these summaries, and object now to doing so, on the basis that the request is extremely overbroad and that plaintiff has not demonstrated how producing them is reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff replies that defendants themselves have failed to show how the requested summaries are irrelevant or unlikely to lead to the discovery of admissible evidence.

The Court, however, agrees with defendants that plaintiff has not shown the requested summaries are reasonably calculated to lead to the discovery of admissible evidence.  A party "may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." Fed. R. of Civ. P. 26(b)(1).  "Relevant information," furthermore, "need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Id.

Here, plaintiff has not demonstrated such summaries are likely to result in any evidence relevant to the particular constitutional claims raised in his second amended complaint.  That is, there is no indication that summaries of grievances or lawsuits filed by other inmates or staff members concerning other matters not the subject of this lawsuit will shed any light on the actions of defendants plaintiff alleges resulted in the violation of his constitutional rights.  Nor would plaintiff's request necessarily have been viewed by the Court as being more reasonable, had plaintiff alleged that defendants' actions were part of a policy or pattern of unconstitutional conduct against prison inmates in general.

1   As such, plaintiff's request appears to be little more than a fishing expedition, premised largely on

2   the vague hope that he will be able to come up with additional evidence to bolster his case.  Accordingly,

3   plaintiff's request for summaries of grievances and lawsuits against defendants filed by other inmates and

4   prison officials hereby is DENIED.

5        (5)    <u>History and Records of White Supremacist and Security Threat Group Activity</u>

6        Plaintiff requests defendants be ordered to produce the "'extensive institutional history of white

7   supremist [sic] activity,'" referred to in an August 6, 2001 "Administrative Segregation Referral," and

8   records showing him to be "affiliated with the woodpile & stg [security threat] group" referred to in an

9   "Initial Serious Infraction Report, dated 5-30-02." <u>See</u> Plaintiff's Motion for an Order to Compel

10  Discovery ("Motion"), p. 3; Response, Exhibit 1, Attachment A, p. 2.  Plaintiff asserts these quotes were

11  used as fabrications to retaliate against him by placing him in solitary confinement for filing this civil

12  action.

13       Defendants state that they produced 61 pages of documents in response to plaintiff's discovery

14  request, that other inmates' names and Department of Corrections ("DOC") numbers were redacted "in

15  order to protect the identities of other individuals who may have provided information to DOC staff and

16  due to safety and security issues," and that such redactions were justified. <u>See</u> Response, p. 3.  Plaintiff

17  replies that defendants did not produce the specifically requested discovery, and that the issues of security

18  and safety raised by defendants are insufficient to defeat his request.

19       The Court agrees defendants' response was insufficient.  Defendants do not specifically dispute

20  that they did not produce the particular discovery requested by plaintiff.  Defendants did object in their

21  response to plaintiff's initial request for production in part on the basis that the request was overly broad

22  and not reasonably calculated to lead to admissible evidence.  However, plaintiff does claim in his second

23  amended complaint that defendants retaliated against him for filing this lawsuit.  Thus, it appears here that

24  the request bears at least some relevance to plaintiff's retaliation claim.

25       The Court further finds insufficient defendants' reliance on the issue of safety and security.  They

26  make no showing that this was the reason for which they failed to produce the particular discovery being

27  requested.  Indeed, as just discussed, defendants do not specifically address plaintiff's claim that they did

28  not produce that discovery.  Even if this was the basis for not producing it, however, defendants have not

given any reason why the mere appearance of other inmate names and DOC numbers in documentation

ORDER
Page - 4

1    produced in discovery presents safety or security concerns.  That is, without the proper context the Court

2    is unable to determine whether those concerns are valid.

3         Defendants do further assert that inmate names and DOC numbers were redacted for the additional

4    purpose of protecting individuals who <u>may</u> have provided confidential information to DOC staff.  There is

5    no claim here, however, that such individuals actually provided confidential information to DOC staff and

6    so require protection.  In addition, no showing has been made that the mere possibility that confidential

7    information was provided raises in this context a sufficient safety or security issue.  For example, there is

8    no indication that the simple presence of the names and DOC numbers of these individuals in itself would

9    indicate they may have provided such information to prison authorities.

10        The Court, however, will not grant plaintiff's request for production at this time.  Rather, the

11   Court hereby orders defendants to file by the date set forth below a response, explaining, with adequate

12   support, why plaintiff should be prevented from receiving all of the requested discovery, including the

13   names and DOC numbers of other inmates contained therein, due to issues of safety and security.

14        (6)    <u>Confidential Information Regarding November 17, 2004 Segregation</u>

15        Plaintiff seeks certain confidential information regarding his placement in "punitive segregation"

16   on November 17, 2004. Motion, p. 3.  He claims such confidential information will show that his being

17   placed in segregation was unwarranted, and that it was used solely for the purpose of disrupting this civil

18   action and retaliating against him.

19        In response, defendants state that they provided 53 pages of documents, withholding only one

20   two-page document "due to safety and security concerns according to RCW 42.56.240(2)," which they

21   claim was appropriate. Response, p. 4.  Defendants further state that they redacted information provided

22   by a confidential informant contained on two other pages due to "safety and security concerns," and,

23   again, the names and DOC numbers of other inmates from several other pages due to "safety and security

24   issues." <u>Id.</u>  Such redactions, defendants assert, were appropriate as well.

25        First, with respect to RCW 42.56.240(2), the Court finds defendants reliance on that state statutory

26   provision to be misplaced.  RCW 42.56.240(2) merely provides that "investigative, law enforcement, and

27   crime victim information," which reveals "the identity of persons who are witnesses to or victims of

28   crime or who file complaints with investigative, law enforcement, or penology agencies," is "exempt from

     public inspection and copying," if such "disclosure would endanger any person's life, physical safety, or

1  property."  Clearly, this language, which is part of Washington's Public Records Act (see RCW Chapter

2  42.56), applies only to public inspection and copying, not discovery in federal court.  As such, defendants

3  fail to establish its relevancy here.

4           The Court, in addition, already has addressed the inadequacy of defendants' reliance on general

5  "safety and security" concerns to support their decision to redact the names and DOC numbers of other

6  inmates, without explaining why, given the particular context in which they appear, such redaction is

7  necessary.  The situation, however, is more complicated concerning defendants' redaction of information

8  they claim to have been provided by a confidential informant from the four pages noted above due to

9  safety and security issues.  While, again, the Court deems the use of such general "safety and security"

10  language without more to be an insufficient basis for opposing discovery requests, it does recognize that

11  the release of such information may implicate real security concerns.

12           Based on defendants' response to plaintiff's motion, however, the Court at this time is unable to

13  ascertain the propriety of plaintiff's request and of defendants' objections.  As above, the Court therefore

14  hereby orders defendants to file by the date set forth below a response, explaining, with adequate support,

15  why plaintiff should be prevented from receiving the redacted names and DOC numbers of other inmates

16  due to issues of safety and security.  With respect to the confidential informant information, defendants

17  shall file with the Court for *in camera* review as *ex parte* documents, unredacted copies of that

18  information, accompanied by an adequately supported explanation of the specific safety and security

19  issues implicated by disclosure thereof, so the Court can make a proper determination.

20           Because the Court hereby is ordering that the documents containing the confidential information

21  and accompanying explanation be filed so as to be viewable only by the Court and defendants and their

22  counsel, **when electronically filing with the Court, defendants should take care to file the documents**

23  **and explanation as *ex parte* sealed documents**.  For any questions related to electronic filing,

24  defendants should contact the CM/ECF help desk at (206) 370-8440 or (866) 323-9293.

25           (7)    Documents Regarding January 1, 2005 Incident

26           Plaintiff claims defendants withheld three documents, again relying on RCW 42.56.240(2) to do

27  so, without explaining how that statutory provision is applicable.  For the reasons set forth above, as to

28  this specific basis for producing the requested documents, the Court agrees.  Defendants state in response

   that they produced 72 pages of documents, withholding only three photographs of other injured inmates,

ORDER
Page - 6

1    also due, once more, to "safety and security" concerns.  This too, again for the reasons set forth above, is

2    an insufficiently asserted basis for opposing plaintiff's motion on this issue.  Accordingly, defendants also

3    hereby are ordered to file by the date set forth below a response, explaining, with adequate support, why

4    plaintiff should not receive the photographs due to issues of safety and security.

5          Plaintiff further claims defendants did not provide inmate witness statements concerning the above

6    incident.  Defendants, on the other hand, state they supplemented their original discovery responses with

7    "copies of the entire infraction packet" concerning the January 1, 2005 incident, which included inmate

8    witness statements. Response, p. 4.  Plaintiff has not establish that the witness statements defendants did

9    provide were not all of such statements that they had.  Accordingly, this particular request for production

10   hereby is DENIED.

11         Plaintiff seeks as well copies of grievances filed by an inmate whom plaintiff has designated by a

12   specific DOC number, and whom he states was involved in the January 1, 2005 incident.  Defendants

13   state that this is a new request, which they argue is objectionable on the basis that it is not reasonably

14   calculated to lead to the discovery of admissible evidence.  Defendants further argue that inmates are

15   prohibited from possessing information about other inmates, as it may threaten the safety and security of

16   DOC staff and/or other inmates.

17         The Court disagrees that plaintiff's request here is necessarily new, as he asked in his first request

18   for production of documents for "[a]ll documents regarding the January 1st of 2005 incident." Response,

19   Exhibit 1, Attachment A, p. 3.  To the extent that any grievances regarding this incident by the inmate to

20   whom plaintiff refers exist, therefore, they should be considered among those documents.  Further, while

21   it may be that inmates are prohibited from possessing information about other inmates, defendants have

22   not provided a copy of any such DOC policy or regulation.

23         In addition, it is not clear that any such grievances would contain information concerning the other

24   inmate, as opposed to the January 1, 2005 incident with respect to which the grievances allegedly

25   concern, that is objectionable on safety and security grounds.  Defendants simply have not made that

26   showing.  Nor have they explained why possession of information, of whatever kind, about other inmates

27   presents safety and security concerns, let alone what those concerns are.  Accordingly, the Court hereby

28   orders defendants to file by the date set forth below a response, explaining, with adequate support, why

     plaintiff should not receive copies of these grievances due to issues of safety and security.

ORDER
Page - 7

1    Lastly, plaintiff claims defendants failed to produce "documentation of grievance file # 0500762,

2 which was filed regarding the 01/01/05 incident." Motion, p. 4.  Again, to the extent that grievance exists,

3 it should be considered to be included among the documents plaintiff originally requested concerning the

4 January 1, 2005 incident.  Accordingly, plaintiff's request for this particular requested document hereby is

5 GRANTED.  Defendants shall produce the above-noted documentation, to the extent that it exists and that

6 it has not previously been provided.

7    (8), (9)    Documents and Camera Recordings Regarding February 28, 2005 Incident

8    Plaintiff requests all documents and camera recordings concerning a February 28, 2005 "incident."

9 Defendants respond that after initially seeking clarification from plaintiff regarding what he meant by use

10 of the term "incident," they both produced a one-page grievance and objected on the basis that the request

11 was not reasonably calculated to lead to the discovery of admissible evidence.  In his reply, plaintiff states

12 defendants did not provide defendant Sheldon Weaver's February 28, 2005 incident report, and still have

13 not provided the requested camera recordings.

14    It is not clear from defendants' response whether the grievance they produced concerns the actual

15 February 28, 2005 incident to which plaintiff refers.  Nor is it exactly clear what that incident concerned

16 and what relation it has to the claims contained in plaintiff's second amended complaint.  Indeed, there is

17 no mention of that incident anywhere in that complaint.  On this basis, therefore, the Court is inclined to

18 agree with defendants that plaintiff's request with respect to both documentation and camera recordings is

19 not reasonably calculated to lead to the discovery of admissible evidence.

20    Nevertheless, defendants did produce at least one document to which they apparently felt plaintiff

21 was entitled, and thus, by implication, to which they apparently felt was at least somewhat likely to lead

22 to the discovery of admissible evidence.  Defendants, however, have not explained why they feel

23 plaintiff's requests for other documentation and camera recordings concerning the February 28, 2005

24 incident are not reasonably likely to lead to the discovery of admissible evidence.

25    Accordingly, the Court hereby orders defendants to produce any such other documents and camera

26 recordings to the extent they exist, or file a response explaining, with adequate support, why they should

27 not be made to do so by the date set forth below.

28    (10)    Documents Regarding Mail Issue

Plaintiff requests that defendants produce "[a]ll documents regarding the mail issue," including

specifically defendant Steve Fleenor's "tracking log" of certain mail rejection appeals. Motion, p. 5.  In response, defendants state that they "produced 217 pages of documentation responsive" to plaintiff's request, and that they "provided all responsive documents in their possession." Response, p. 6.  This last statement is disputed by plaintiff.  However, plaintiff presents no evidence that defendants have failed to produce all responsive documents they have in their possession.  Accordingly, this particular discovery request hereby is DENIED.

(11)   Documents Regarding Infraction #714

Plaintiff requests that defendants produce "[a]ll documents regarding the infraction #714, signed on 07/10/06." Motion, p. 5.  In particular, he accuses them of withholding "documents of communication" between Lori Scamahorn – who is the wife of Al Scamahorn and who is not a party to this lawsuit – and defendant Fleenor, which he claims constitute evidence of retaliatory intent.  In response, defendants state that they "produced 10 pages of documentation responsive" to plaintiff's request, and that they "provided all responsive documents in their possession." Response, p. 6.  Not surprisingly, again this last statement is disputed by plaintiff.  As with his prior request, however, plaintiff presents no evidence that defendants have failed to produce all relevant documents in their possession.  Accordingly, this particular discovery request hereby is DENIED as well.

(12)   Redacted Inmate Names and DOC Numbers

Plaintiff here challenges the redaction of other inmate names and DOC numbers by defendants, on the basis that inmate names and numbers are not confidential and that such redaction prevents him from discovering potential witnesses.  As discussed above with respect to the individual discovery requests, the Court found defendants' stated reasons for redacting the names and DOC numbers of other inmates to be insufficient.  The Court also recognized, however, that there very well may be significant and valid safety and security issues involved in producing such information.  The Court, therefore, ordered defendants to respond to this order by providing a more adequate explanation of those issues.  Accordingly, this request hereby is DENIED as being redundant.

Based on the foregoing discussion, defendants shall file by **no later than September 10, 2007**, a response addressing the specific issues noted above.  Plaintiff shall file any reply thereto by **no later than September 13, 2007**.  Plaintiff's motion for an order to compel discovery (Dkt. #162) shall be re-noted for consideration on **September 14, 2007**, to address those remaining discovery requests contained in that

ORDER
Page - 9

motion that have not been specifically denied or granted in this order.

The Clerk is directed to send a copy of this Order to plaintiff and counsel for defendants.

DATED this 10th day of August, 2007.


Karen L. Strombom
United States Magistrate Judge