UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SERGEY SPITSYN,

                Plaintiff,

v.

RICHARD MORGAN, *et al*,

                Defendants.

Case No.  C04-5134FDB-KLS

ORDER REGARDING
PLAINTIFF'S MOTION FOR
THIS COURT TO INTERVENE

     This matter has been referred to Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1), Local Magistrates Rules MJR 3 and 4, and Rule 72 of the Federal Rules of Civil Procedure. The case is before the Court on plaintiff's filing of a motion for this Court to intervene. (Dkt. #159). After reviewing plaintiff's motion, defendants' response to that motion, plaintiff's reply thereto, and the balance of the record, the Court finds and orders as follows:

     In his motion, plaintiff claims Assistant Attorney General Sara J. Olson, who formerly represented defendants, provided him with a DVD/CD (containing a camera recording of a January 1, 2005 incident) pursuant to a discovery request. Plaintiff further claims that DVD/CD was transferred – apparently before it was physically received by him – to Patricia Gorman, the Superintendent of the prison where he was incarcerated at the time, pursuant to prison policy. In addition, plaintiff claims Ms. Gorman informed him that Ms. Olson had told her not to show the DVD/CD to him. For this reason, plaintiff asks the Court to intervene so that he can view the DVD/CD.

ORDER
Page - 1

1  Defendants respond by arguing that plaintiff's motion is in actuality a motion to compel
2  discovery, and that he has failed to comply with the requirements of Federal Rule of Civil Procedure
3  ("Fed. R. Civ. P.") 37 governing such motions. Specifically, defendants assert that prior to filing his
4  present motion, plaintiff had not contacted either Ms. Olson or defendants' current counsel regarding the
5  above-described discovery problem. As such, defendants ask the Court to deny his motion for his failure
6  to so comply, or, in the alternative, deny it on the basis that defendants produced what was requested,
7  thereby resulting in no discovery violation.

8  In his reply, plaintiff asserts the Office of the Attorney General does not deny having ordered Ms.
9  Gorman not to show him the DVD/CD. As support therefor, plaintiff has attached a copy of a grievance
10 he filed with prison authorities regarding the matter, in which he states as follows:

> Patricia Gorman must allow me to view legal DVD per DOC Policy 590.500. Ms. Gorman has refused to do so based on Assistant Attorney General's request. Neither Ms. Gorman nor AAG have statutory authority to forbid me to access my legal material, nor to view my legal material per above.
>
> Allow me to view my DVD.

Plaintiff's Reply, Exhibit 1 (Dkt. #167). In response, the grievance coordinator wrote:

> Although the material you are requesting to view is part of a discovery request through the Attorney General's Office (AG), the Superintendent on the advice of the AG has determined that it is within her authority not to allow you to view the CD as it could jeopardize institution security. DOC 590.500 applies to the viewing of video taped court proceedings. It does not address material received as part of discovery.

Id. Plaintiff also asserts that because the DVD/CD already has been provided, his motion is not a motion to compel and thus Fed. R. Civ. P. 37 is not applicable.

The undersigned disagrees that Fed. R. Civ. P. 37 does not apply here. That rule provides that when a party fails to respond to a request for production or inspection made pursuant to Fed. R. Civ. P. 34, the discovering party may move for an order from the Court compelling such a response. See Fed. R. Civ. P. 37(a)(2)(B). As noted above, defendants base their opposition to plaintiff's motion on the basis that (1) he acknowledged they produced and he received the requested DVD/CD, and (2) he failed to abide by the meet and confer requirements of Fed. R. Civ. P. 37(a)(B). In other words, defendants assert both that they were responsive and that plaintiff did not follow proper procedures.

To the extent defendants are asserting they fully were responsive to plaintiff's request, the Court does not so find. An "evasive or incomplete" response also "is to be treated as a failure to . . . respond."

Fed. R. Civ. P. 37(a)(3). At the very least, defendants' response regarding the particular discovery request at issue here was incomplete. While both parties agree that defendants "produced" the DVD/CD, at least in the sense that it was sent to plaintiff at the prison where he was incarcerated at the time, the record does not support defendants' contention that he physically received or was provided actual access to it. Rather, it appears that the superintendent at plaintiff's prison prohibited such receipt and access from occurring on the advice of the Office of the Attorney General.

Although there is no specific evidence in the record, other than plaintiff's own allegation, that Ms. Olsen herself told or advised Ms. Gorman to not show him the DVD/CD, certainly someone in the Office of the Attorney General did tell or advise her not to show it, or at least that it was within her authority not to show it. As such, it cannot fairly be said that defendants fully responded to plaintiff's request. It would set a bad precedent indeed were defendants allowed here to rely on the actions of other Department of Corrections officials who are not named parties, and thus not before the Court, to prevent the receipt of what so far appears to be discoverable material. Even though this may not have been what defendants or their counsel were attempting, the appearance of such is present.

As to defendants' second basis for opposing plaintiff's motion, it is true that a motion to compel "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make the discovery in an effort to secure the information or material without court intervention." Fed. R. Civ. P. 37(a)(2)(B). Given the highly irregular nature of defendants' and the Department of Corrections' actions concerning the produced DVD/CD, and the appearance noted above that is created thereby, the Court finds waiver of that requirement in this case justified. This is not to say, as explained further below, that production of the DVD/CD should be ordered at this point, but that given the position taken by defendants and their counsel, waiver is appropriate.

The Court does note that the decision not to allow plaintiff to view or have access to the DVD/CD appears to have been based on certain unspecified institutional security issues. However, defendants did not object to producing the DVD/CD on this basis, nor have they filed a protective order seeking to stop plaintiff from viewing or accessing it. Nevertheless, given the fact that permitting plaintiff to physically receive, view, or otherwise gain access to the requested DVD/CD may potentially implicate or jeopardize institutional security, defendants shall be provided the opportunity to show cause, with adequate support, why plaintiff's request to view the DVD/CD should not be granted.

ORDER
Page - 3

1   Accordingly, defendants shall file a response by **no later than September 10, 2007**, and show
2 cause why the Court should not order them to allow plaintiff to have access to the DVD/CD. Plaintiff
3 may file a reply thereto, if any, by **no later than September 13, 2007**. Plaintiff's motion for this Court to
4 intervene (Dkt. #159) shall be re-noted for consideration on **September 14, 2007**.

5   The Clerk is directed to send a copy of this Order to plaintiff and counsel for defendants.

6   DATED this 10th day of August, 2007.

*/s/ Karen L. Strombom*
Karen L. Strombom
United States Magistrate Judge