UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SERGEY SPITSYN,

            Plaintiff,

    v.

RICHARD MORGAN, *et al*,

            Defendants.

Case No.  C04-5134FDB-KLS

THIRD ORDER REGARDING PLAINTIFF'S MOTION FOR AN ORDER TO COMPEL DISCOVERY

    This matter has been referred to Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1), Local Magistrates Rules MJR 3 and 4, and Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 72. The case is before the Court on defendants' response (Dkt. #188) to the Court's second order (Dkt. #185) regarding plaintiff's motion for an order to compel discovery (Dkt. #162). After reviewing defendants' response, plaintiff's reply thereto (Dkt. #190), and the balance of the record, the Court finds and orders as follows:

    (5)[1]    <u>History and Records of White Supremacist and Security Threat Group Activity</u>

    Plaintiff requested defendants be ordered to produce the "'extensive institutional history of white supremist [sic] activity,'" referred to in an August 6, 2001 "Administrative Segregation Referral," and records showing him to be "affiliated with the woodpile & stg [security threat] group" referred to in an

---

[1] The section numbers used herein correspond with the paragraph numbers contained in the Court's prior orders regarding plaintiff's motion for an order to compel discovery, which, in turn, corresponded to those contained in that motion.

ORDER
Page - 1

1  "Initial Serious Infraction Report, dated 5-30-02." (Dkt. #162, p. 3; Dkt. #169, Exhibit 1, Attachment A,
2  p. 2). Defendants stated that they produced 61 pages of documents in response to plaintiff's discovery
3  request, that other inmates' names and Department of Corrections ("DOC") numbers were redacted "in
4  order to protect the identities of other individuals who may have provided information to DOC staff and
5  due to safety and security issues," and that such redactions were justified. (Dkt. #169, p. 3).

6  In response to the Court's second order, plaintiff argued defendants still had made no showing as
7  to why they could not provide specific evidence of his security threat group affiliation and white
8  supremacist history. The Court noted it was unclear whether defendants had produced all documentation
9  responsive to plaintiff's request here. Given defendants lack of further response to this issue, however,
10 the Court granted plaintiff's request for production of the "'extensive institutional history" of white
11 supremacist activity referred to in the August 6, 2001 "Administrative Segregation Referral," and records
12 showing him to be "affiliated with" the security threat group referred to in the May 30, 2002 "Initial
13 Serious Infraction Report," to the extent such documentation still existed and had not yet been produced,
14 and did not reveal the identity of or other revealing information regarding confidential informants. The
15 Court thus ordered Defendants to provide all such documentation.

16 In their response to the Court's second order, defendants state that they provided plaintiff with
17 additional unredacted documentation, and that they now have provided him with all records on this topic.
18 In his reply to defendants' response, plaintiff argues the documentation defendants have provided do not
19 show he has an extensive history of or affiliation with security threat group activity. Plaintiff further
20 argues defendants do not admit that they do not have documents showing such history or affiliation, and
21 that what defendants have provided do not apply to what he has requested. However, plaintiff has failed
22 to show defendants are in possession of any additional documentation relevant to the issue at hand. That
23 is, the fact that plaintiff may not have gotten what he expected would be produced and believes it is being
24 withheld from him, does not mean such is actually the case. Accordingly, the Court finds defendants
25 have fully complied with plaintiff's discovery request here.

26 (7) Documents Regarding January 1, 2005 Incident

27 Plaintiff sought copies of grievances filed by another inmate whom plaintiff designated by a
28 specific DOC number, and whom he stated was involved in the January 1, 2005 incident. Defendants
   objected, arguing that inmates are prohibited from possessing information about other inmates, as it may

1 threaten the safety and security of DOC staff and/or other inmates.  However, the Court found defendants
2 failed to show that: (a) any such grievances would contain information concerning other inmates, as
3 opposed to merely the January 1, 2005 incident itself, which would be objectionable on safety and
4 security grounds, and (b) why possession of information about other inmates presents safety and security
5 concerns.  The Court thus ordered defendants to file a response, explaining why plaintiff should not
6 receive copies of these grievances.

7 In response, defendants stated that they would provide copies of "Level II and Level III grievance
8 responses for Grievance Log I.D. #0500089 as DEFS 844 and 845." (Dkt. #178, p. 5).  The Court
9 presumed that these are grievance responses relating to the particular incident in question.  Defendants,
10 however, declined to provide the "Level I grievance and response," as they stated they "pose safety and
11 security concerns for the institution." Id.  With respect to the Level I grievance and response, plaintiff
12 argued defendants had failed to show what those safety and security concerns are, and thus should be
13 required to produce them.  The Court agreed, but gave defendants the chance to file a response, along
14 with adequate support, explaining why plaintiff should not be provided with the Level I grievance and
15 response due to those concerns.

16 Defendants now state that they have provided plaintiff with a redacted copy of a Level I grievance
17 document regarding the above incident, but argue that providing him with an unredacted copy would still
18 pose safety and security concerns.  Defendants also submitted an unredacted copy with the Court for *in*
19 *camera* review, along with an explanation as to why providing such a copy to plaintiff would pose safety
20 and security concerns.  Based on its review of that copy and explanation, the Court agrees that there are
21 sufficient safety and security concerns to warrant prohibiting plaintiff from obtaining an unredacted copy
22 of the Level I grievance document.  Accordingly, and because plaintiff has not objected to receiving only
23 the redacted copy, the Court finds this last discovery issue to now be resolved as well.

24 The Clerk is directed to send a copy of this Order to plaintiff and counsel for defendants.
25 DATED this 28th day of January, 2008.

26
27
28

                                Karen L. Strombom
                                United States Magistrate Judge